IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: DWIGHT & NATASHA RUSSELL					CASE NO.: 08-13173
									CHAPTER 13


DWIGHT & NATASHA RUSSELL						PLAINTIFFS

VS.									ADVERSARY PROC. NO._____

QUEEN CITY FURNITURE							DEFENDANT


**COMPLAINT FOR CONTEMPT OF COURT, INJUNCTIVE RELIEF, DAMAGES, MISSISSIPPI TORT LAW, DISALLOWANCE OF CLAIM AND OTHER RELIEF IN A CORE ADVERSARY PROCEEDING**

COME NOW, plaintiffs, in the above-styled and numbered cause, and files this action for disallowance of claim, injunctive relief and contempt of court pursuant to 11 U.S.C. § 105, and to recover actual, punitive and compensatory damages, sanctions, attorney fees and costs for the defendant's willful and negligent actions that constitute invasion of the plaintiffs' privacy and would show the following:

**JURISDICTION AND VENUE**

1.	Jurisdiction is conferred on this Court pursuant to the provisions of § 1334 of Title 28 of the United Stated Code in that this core proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors and the estate. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

2.	This Court has both personal and subject matter jurisdiction to hear this case pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

## PARTIES

4. The plaintiffs in this case are debtors under Chapter 13 of Title 11 of the United States Code in the above entitled Chapter 13 case number, presently pending before this court. The plaintiffs are referred to as the plaintiffs or the debtors.

5. The defendant, Queen City Furniture, was named in the bankruptcy schedules as a creditor of the Plaintiffs. Defendant is a  with a principal office address of Washington, County, Mississippi.

## FACTUAL ALLEGATIONS

6. The plaintiffs filed a voluntary Chapter 13 petition and notice of filing was sent to the Defendant.

7. The plaintiffs have an account with the Defendant. Said account is primarily for household and/or consumer use.

8. The defendant filed a sworn Proof of Claim in the plaintiffs' Chapter 13 case, denoted as Claim #19. The claim was listed as secured in the amount of $658.57.

9. The Proof of Claim consisted of three pages and displayed the plaintiffs' Social Security Number, date of birth, and telephone number without redaction.

10. The Proof of Claim is a public document and the defendant has made the plaintiffs' private, sensitive and personal nonpublic information available to the general public.

11. The Proof of Claim presents the plaintiffs' full and complete name and social security number, date of birth, and telephone number without redaction for the whole world to

see. Sufficient personal and private data is revealed for an identity thief to hijack the plaintiffs' identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), and Business/Commercial Identity Theft (using another's business name to obtain credit) and Medical Identity Theft (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

12. Protection of individual personal, sensitive and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq. [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act. This Court implemented such procedures and privacy requirements by local rule.

13. The defendant is a sophisticated financial creditor with knowledge of the bankruptcy rules and procedure. Defendant has an obligation to comply with all applicable rules and statutes when filing claims and participating in the bankruptcy process.

14. The defendant has intentionally communicated and made available to the general public the personal, sensitive and private data of the plaintiffs in direct violation of standard of care set by The Gramm- Leach-Bliley Act, 15 U.S.C. § 6801 et seq., The Uniform Local Bankruptcy Rules for the United States Bankruptcy Courts in The Northern and Southern Districts of Mississippi, The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq., Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, and others.

## COURT RECOGNITION OF PRIVACY CONCERNS

15.     "Both Congress and other circuits have discussed the significant privacy concerns surrounding the dissemination of SSNs. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating against individuals that refuse to release their SSNs. Privacy Act of 1974, Pub.L. 93-579, § 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. §552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSNs as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

Other circuits, relying in part on these Congressional statements, have concluded that the privacy interest in SSNs is significant, and thus public dissemination of information containing SSNs must be monitored scrupulously. See *Crawford*, 194 F.3d at 958-59 (recognizing that "indiscriminate public disclosure of SSNs, especially when accompanied by names and addresses" can implicate informational privacy rights); *Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir.1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). Indeed, two of our sister circuits have held that public disclosure of SSNs in files requested under the FOIA constituted a clearly unwarranted invasion of personal privacy under exemption 6. See *Norwood v. FAA*, 993 F.2d 570, 575 (6th Cir.1993) (determining that redaction of SSNs from FOIA documents necessary to protect identities of individuals discussed in documents); *Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir.1988) (holding that redaction of social security numbers necessary because requestor failed to demonstrate any public interest in disclosure of the SSNs)."

Nevertheless, we recognize that individual citizens have a substantial informational privacy right to limit the disclosure of their SSNs, and consequently reduce the risk that they will be affected by various identity fraud crimes. *Sherman v. U.S. Dept. of Army*, 244 F.3d 357, C.A.5 (Tex.), 2001.

**FIRST CAUSE OF ACTION:**
**OBJECTION TO CLAIM**

16. The plaintiffs reallege each foregoing paragraphs as though fully set out herein.

17. The creditor has intentionally revealed to the general public the debtors' private and sensitive data and nonpublic information in violation of the Local Rules of this Court and Federal Rule of Bankruptcy Procedure 9037.

18. The Court should direct the Chapter 13 Trustee to strike the said claim and the creditor be precluded from filing any amended, modified or substitute claim in this case and the underlying debt be canceled and forever discharged whether or not the debtors receive a Discharge Order in this case.

19. That the creditor should be sanctioned for the intentional revelation of the debtors' private data and sensitive information and the debtors be awarded attorney fees and expenses for filing this objection.

20. That the Court should order the claim number disabled within the PACER system or the claim removed so that it is inaccessible to any further members of the general public.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF GRAMM-LEACH-BLILEY ACT,**
**15 U.S.C. SUBCHAPTER I, § 6801-6809**

21. The plaintiffs reallege each foregoing paragraph as though fully set out herein.

22. The Gramm-Leach-Bliley Act was designed to prohibit the disclosure of

nonpublic personal information finding that it is the policy of Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801.

23. A financial institution means any institution the business of which is engaging in financial activities. 15 U.S.C. § 1609(3)(A).

24. Defendant is in the business of engaging in financial activities by making loans to consumers.

25. The defendant has failed comply with and abide by its own privacy policy as required by 15 U.S.C. § 6803.

26. The defendant has not provided an "opt out" provision as required by 15 U.S.C. § 6802(b).

27. The defendant has disclosed nonpublic personal information by releasing the plaintiffs' social security number and other sensitive information in a public records forum.

28. The Gramm-Leach-Bliley Act sets the appropriate standard of care for the protection, security and confidentiality of the nonpublic personal information and private data of the defendant's customers.

29. As a result of the defendant's willful, grossly careless and direct violation of the Gramm-Leach-Bliley Act, the plaintiffs have suffered an increased exposure to identity theft and the defendant is liable to the plaintiffs for damages, future damages, future credit monitoring attorney fees, sanctions and costs.

**THIRD CAUSE OF ACTION:**
**CONTEMPT OF COURT AND VIOLATION OF FEDERAL DISTRICT COURT**
**AND BANKRUPTCY COURT ORDERS AND POLICIES AGAINST**
**DISCLOSURE OF PERSONAL IDENTIFIERS AND SENSITIVE DATA**

30.     The plaintiffs reallege each foregoing paragraphs as though fully set out herein.

31.     On May 16, 2003, the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi enacted the Standard Operating Procedure Governing Protection of Personal and Sensitive Information and Public Access to Court Files in Accordance with the E-government Act of 2002.

32.     On May 16, 2003, and May 20, 2003, respectively, the Southern and the Northern Districts, through the Uniform Local Bankruptcy Rules for the United States Bankruptcy Courts in the Northern and Southern Districts of Mississippi, enacted the Standard Operating Procedure Governing Protection of Personal and Sensitive Information and Public Access to Court Files in Accordance with the E-government Act of 2002.

33.     These rules provided in part that personal identifiers were prohibited.  The categories of information that were deemed by statute, 44 U.S.C. §§ 3500, et seq., to be "personal identifiers" were not to be stated in pleadings or other court-filed documents, including exhibits, except as provided by the standard operating procedure.

34.     This rule also describes the Judicial Conference's policy that certain personal data identifiers must be partially redacted from the case file or pleading whether it is filed traditionally or electronically.   Specifically listed as examples of "personal data identifiers" are (1) Social Security Numbers, (2) Financial Account numbers, and (3) Birth Dates.

35.     The policy and local rules also contain cautions and restrictions on the disclosure of Sensitive Information and Data.  The following categories of information were deemed

"sensitive information" or "sensitive data":

   1. Personal identifying numbers, such as driver license numbers.
   2. Medical records, treatments, and diagnoses.
   3. Employment histories.
   4. Personal financial information.
   5. Proprietary or trade secret information.

The cautions, prohibitions and restrictions pertaining to personal identifiers presented in the standard operating procedure are equally applicable to sensitive information and data.

36. By failing to redact or delete the private data, sensitive and nonpublic information of the plaintiff, the defendant has willfully violated the Courts' Policies and Local Rules putting the plaintiff at risk and causing damage by making publicly available the personal data identifiers and sensitive information.

37. Under 11 U.S.C. § 107(c), the Court has the authority to protect an individual to the extent that the court finds that the disclosure of personal information creates an undue risk of identity theft or other unlawful injury to the individual or individual's property. The court may protect such individuals by issuing sanctions and awarding damages for contempt of court pursuant to 11 U.S.C. § 105(a).

### FOURTH CAUSE OF ACTION:
### CONTEMPT OF COURT AND VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037
### FAILURE TO REDACT NONPUBLIC INFORMATION

38. The plaintiffs reallege each foregoing paragraphs as though fully set out herein.

39. On December 1, 2007, the Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing the

Court's local rules and policies.

40. Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1)   the last four digits of the social-security number and taxpayer identification number;
> (2)   the year of the individual's birth;
> (3)   the minor's initials; and
> (4)   the last four digits fo the financial-account number.

41. By filing the private, nonpublic information of the plaintiffs, the defendant has violated Rule 9037 putting the plaintiffs at risk and causing damage by making publicly available the plaintiffs' personal, sensitive information and nonpublic data.

42. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

### FIFTH CAUSE OF ACTION:
### INVASION OF PRIVACY AND
### INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. The plaintiffs reallege each foregoing paragraph as though fully set out herein.

44. The recognition of the tort for invasion of privacy was explicitly recognized in Mississippi in *Deaton v. Delta Democrat Publishing Co.*, 326 So.2d 471, 473 (Miss.1976). In *Young v. Jackson*, 572 So.2d 378, 382 (Miss.1990), the Court adopted the Restatement (Second)

of Torts §652D, which covers this public disclosure of private facts:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

45. Social Security Numbers and other private nonpublic information are of no use to and not a legitimate concern of the public.

46. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the plaintiff, by disclosing the sensitive and personal nonpublic information.

47. Defendant intentionally and/or negligently caused harm to plaintiffs' mental and emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon plaintiffs' right to privacy and exposing the plaintiffs to the increased risk of identity theft.

48. The Mississippi Supreme Court has pointed out that the award of punitive damages is in the nature of a punishment for wrongdoing and is an example, so that others may be deterred from the commission of such wrongs and the public be properly protected. *Yazoo & M.V.R. Company v. May,* 104 Miss. 422, 61 So. 449, 450 (1913).

49. The Defendant's grossly careless conduct unlawfully invaded plaintiffs' personal privacy and proximately caused plaintiff to suffer actual damages. Defendant's conduct was intentional, reckless and willful and plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. Plaintiffs also seek damages for the mental and emotional

anguish and distress that has been caused by knowing that the personal identifiers, sensitive and nonpublic information and private data has been made public by the defendant's wanton actions.

50.  The Mississippi Supreme Court has also stated that:

> It is undisputed that under Mississippi law, a plaintiff asserting a claim for mental anguish, whether as a result of simple negligence or an intentional tort, must always prove that the emotional distress was a reasonably foreseeable result of the defendant's conduct. In cases of intentional infliction of emotional distress, where the defendant's conduct was "malicious, intentional or outrageous," the plaintiff need present no further proof of physical injury. Where, as here, the defendant's conduct amounts to simple negligence, we take this opportunity to clarify that we have moved away from the requirement of proving some physical injury in addition to the proof of reasonable foreseeability. Our language in the previously cited cases, adopting the term "demonstrable harm" in place of "physical injury," indicates that the proof may solely consist of evidence of a mental injury without physical manifestation.

*Adams v. U.S. Homecrafters, Inc.*, 744 So.2d 736, 743 (Miss.1999).

51.  As a result of the foregoing indifferent acts, the defendant is liable to the plaintiffs for actual damages, punitive damages, legal fees and suit money.

WHEREFORE, the plaintiffs pray for the following relief:

A.  A finding that the defendant is in civil contempt for violating the established policies, rules and orders of the Court in establishing privacy standards;

B.  Grant an order of injunctive relief to disable the claim number within the PACER system so that it is inaccessible to the general public and/or to permanently remove the claim and it's nonpublic information from access by the public;

C.  Grant sanctions, damages, attorney fees and costs against the defendant for the intentional revelation of the plaintiffs' private data and knowingly exposing the plaintiffs to risk

of identity theft and award punitive damages to the plaintiffs in order to prevent future conduct of this kind;

    D.    Grant damages against the defendant for knowingly invading the plaintiffs' right to privacy and violating the standards set by the Gramm Leach Bliley Act;

    E.    Grant compensatory and punitive damages, attorney fees, costs and suit money against the defendant for the intentional and willful invasion of the plaintiffs' right to privacy;

    F.    Grant damages against the defendant for the intentional or negligent infliction of emotional distress;

    G.    Award the plaintiffs compensatory damages and punitive damages;

    H.    Award attorney's fees and expenses under § 107 and § 105 of the Bankruptcy Code;

    I.    Direct the Chapter 13 Trustee to strike the said claim;

    J.    Prohibit the creditor from filing any amended, modified or substitute claim;

    K.    Cancel and void the underlying debt whether or not the debtors receives a Discharge Order in the Chapter 13 case;

    L.    That the plaintiffs have such other and further relief as the Court may deem just and proper.

Jury Trial Demanded.

Dated this October 15, 2008.

                RESPECTFULLY SUBMITTED

                DWIGHT & NATASHA RUSSELL

BY:    /S/ Arnold D. Lee
        ARNOLD D. LEE
        LEE-HUGHES ATTORNEYS, PLLC
        BOX 882
        GREENVILLE, MS 38701
        662.344.1111
        662.344.1114 (FAX)
        alee@lee-hughes.com


        COUNSEL FOR PLAINTIFFS